the fourth district appellate court of the state of illinois has reconvened the honorable robert j steigman presiding thank you mr baylor the case this afternoon is 4-24-0782 people versus derrick g edmondson council for the appellant state your name please sir dan o'brien and counsel for the appallee first name allison page last name brooks for people thank you counsel and uh mr o'brien the app of the defendant you may proceed sir thank you may it please counsel i'm dan o'brien from the appellate defender's office and i represent the appellant derrick edmondson there's no question in this case that at the time derrick pled guilty and all through sentencing he was under the impression that the guilty plea that he had negotiated made him eligible for probation he believed this because both his attorney and the court told him this multiple times the state doesn't challenge this derrick's guilty plea was not knowing and voluntary he received erroneous advice from his counsel in addition to the erroneous 402 admonishments but for this he would not have pled guilty the only issue is whether derrick must be allowed to withdraw his guilty plea that he entered based on this universal misunderstanding of the law because the guilty plea operates as a waiver of important rights due process requires that it be knowing voluntary and intelligent generally a trial court's uh misrepresentation of the sentencing range invalidates a guilty plea but an improper admonishment does not automatically require reversal as the supreme court explained in davis whether reversal is required depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment the davis court also explained unambiguously what it meant by that prejudice the court noted that that the defendant's allegation that he wouldn't have pled guilty but for the inadequate uh or the erroneous uh admonishment and stated due to this misapprehension he did not attempt to negotiate a lesser term of incarceration and forewent the opportunity to go to trial where he may have been acquitted because of this prejudicial effect the trial court's decision should be reversed in other words good with you and work reverse this vision and for the proceedings what would that look like back before the trial court i'm sorry do you ask if we reverse this and yes and oh yeah i believe that uh the that that it should be reversed and derrick should be allowed to withdraw his guilty plea and and just put back in the position that he was before that point would the state similarly be put back in a position it was in before the defendant absolutely if my understanding is correct the defendant is supposed to be paroled or is due parole parole in february of 27 so that's talking about three years from now plus that in the event uh the we were to reverse the case went back for trial what's the most the defendant might face if the state said we don't want to be fooling around with this guy anymore the hell with him we're gonna go full bore and uh we're going to pursue all of the various cases against them to get the maximum sentence we could get what would that potential sentence be i believe hypothetically the uh the absolute maximum could be 28 years but realistically 14 years is the most that uh that derrick would likely be facing why is that uh because it i believe it's clear from the record that the state was going to have an extremely difficult time uh establishing the case against his son who wrote a letter on his behalf who um and and and who has since joined the army and um i i think that and again and i think that that's very much a part of what derrick was thinking at the time too is that he was well aware that his son did not want to prosecute this case and he was really only looking at the case against his father well uh in domestic violence cases and this is one of those experience shows that uh attitudes of witnesses change over time um often to be more forgiving sometimes to be less and but if the state went full bore the defendant faces 28 years in prison does he not that's a possibility he could potentially legally face up to 28 years so that would be seven times the sentence he's now received in this case correct so here's my question does the record show that the defendant understands the risk he's taking if this court grants his uh motion to with or reverses the denial of his motion to withdraws guiltily and let me be more specific uh you know we know about north carolina versus pierce that says when the person's defendant has been convicted and the state can't uh if the state has appealed they can't go out and punish him for his uh efforts to uh have an appeal taken there might be in the ethers some notion that perhaps this defendant even has that you know i pleaded guilty and i was sentenced to four years in prison and if that motion to withdraw is granted i can't get more than four years and uh on a rebound now i don't know that the record i don't know what the defendant thinks that nothing in the record shows it but um he's not a cum laude graduate of law school and maybe he is under my my point is does is the defendant aware of the significant risk he faces by pursuing this motion to withdraw and if he in quotes wins and quote on appeal the defendant is aware of the circumstances in which his sentence could be in could be potentially increased on remand how how uh the record shows that i'm sorry i i that's from my conversations with the defendant i i i thought you were asking simply whether he was aware of that no i am but my concern is this um i can see now uh we reverse case goes back there's been no hearing in front of a court there's been no admonition to the defendant the trial court never said uh the hearing on motion to withdraw guilty which by the way uh going back to prehistoric times when i was still a trial judge uh i would do and say by the way mr uh i understand you're making this motion but here's what could happen i want you to talk it over with your counsel i want to make it clear that you understand this risk and uh uh if you do so be it that i'll address this motion on the merits but i don't want there to be any misunderstanding such as we grant the motion to withdraw we reverse motion withdrawal granted state goes back and gets a mere 14 years on uh trials and i know so comes to shock to mr o'brien it says you know my lawyer from osad was ineffective he didn't tell me about all this stuff i understand he told the appellate court we talked about it but i didn't know and i was never given that admonition i uh i didn't know that i was facing several times more than the sentence i already had what about that mr o'brien i i uh i again all i can really say to that is that we have discussed that he's aware of the uh of all the potential circumstances and uh i'm not sure what this is a thought before if we're going to reverse why don't we reverse and remain with uh special directions to the uh trial court that the trial court uh before uh accepting the defendant's withdrawal of his guilty plea pursuing his motion that the trial court on remand will have to in fact make the record i just spoke about to make sure that the defendant's adherence to his motion withdrawal guilty plea is the same kind of understandingly annoying election similar to rule 402 before defendant guilty plea will be accepted because the stakes here are pretty great what about that i think that would be a fantastic idea and i think that's probably how i should have answered the question i i think that that would be appropriate because uh i have no doubt what you're telling us is absolutely accurate but that's your recollection of a conversation that's and no admonitions from the judge so um it occurs to me that this is a potential problem and if we're going to reverse that would be the better way to do it i agree with you okay on the merits what about the fact that as the state claims he didn't really suffer any prejudice here because we're talking about the one maximum sentence uh well he said it was probationable but he wasn't going to get probation but also the trial judge says gee i would have given him more if i understood it wasn't probationable what about that correct i understand that and that's the issue of course in in roads and uh but the thing here is that where you have this particular confluence of circumstances the issue is that justice was denied and he was prejudiced because due process was violated it's not about the result of the proceedings it's not about the sentencing and what happened and what could have happened that the prejudice was essentially completed the second that he gave up his right he gave up his right to have a jury trial and he gave up his right to uh attempt to negotiate a better sentence specifically based on his belief and the admonishment that he could get probation and case like this this is this is what and it's clear from the record throughout this is what derrick was looking for this is what they negotiated for this isn't just some some minor difference in the way that he was admonished he believed that if he pled guilty he could get probation when in fact from the second that he pled guilty it was guaranteed that he was going to prison so again that that's where the prejudice lies that he surrendered his rights because of this admonishment it doesn't lie in what hearing you know counsel uh this reminds me this court sometime some years back wrote an opinion suggesting that trial courts should utilize the pre-flight checklist one of the things being to uh make sure everyone's on the same page namely if this case went to trial what's the potential sentence range and what is this a probationable offense is extended term eligible or not and uh it's pretty shocking to think that uh the mcclain county court and the prosecutors didn't bother apparently to confirm what uh exactly the penalties are here nor defense attorney i remember was under the same misimpression apparently is that what happened yeah that it looks like that's exactly what happened and unfortunately they actually did appear to essentially go through that pre-flight checklist and uh simply and they still messed up yes exactly so they they were all on the it appears and again the state to um the state i think i have it here somewhere the state's comment on this was the the negotiated terms of the agreement were so that defense counsel could request probation so i mean that and not only that but they added this fifth count that they specifically added an additional count because they believed it was probationable and that's the one that he ended up pleading to so again i think derek swore in his affidavit that if he uh had known he was not eligible for probation he wouldn't have pled guilty his actions support this uh he filed the uh the notice that he was going to rely on self-defense uh prior to trial and this is a claim that he raised again in his uh pro se motion to reconsider sentence we don't have to take his word for it that that that's what this is this was fleshed out in the pre-crankle hearing before the new council was appointed and discovered the error the trial attorney explained that there were lengthy negotiations that led to the agreement so that derrick could have a shot at probation and that derrick understood the efficacy of pleading to a probationable count versus going to trial and risking conviction on multiple non-probationable counts and uh also the the the videos of the incident that derrick believed bore out his self-defense claim council disagreed with this council didn't think that this would have led to an acquittal but he acknowledged that derrick saw it otherwise derrick believed that those videos showed that he was defending himself in relation to that count and that's key because again the the question there is whether derrick pled guilty because of this misapprehension of the law so and again and as i mentioned just a minute ago even the state drew that same causal connection that that that this plea was specifically negotiated so that they could request probation and uh and again and this is the exact situation in davis uh the one arguably significant difference between this that in davis the mistake was discovered prior to sentencing so the court didn't consider and reject probation as it did here but that's when you get into uh people v kid which was also discussed in the opening brief um there where he believed that he could receive something less than a life sentence but in fact he could only receive either life or the death penalty uh there was a sentencing hearing the court considered and rejected prison of any kind and sentencing the death um and uh and that didn't matter and so i mean the prison there is analogous to probation here the court said the decision to plead guilty to criminal accusations a grave personal judgment and an accused should not be allowed to enter such a plea unless he has a full comprehension of the possible consequences of so pleading he didn't because he didn't realize he was facing a mandatory life sentence derrick here didn't realize or didn't because he didn't realize he was facing a mandatory prison sentence the issue is that he was told and believed that he could get probation if he pled guilty but as i said in fact he was simply guaranteeing that he was going to prison exactly what he was trying to avoid so the guilty plea wasn't knowing and voluntarily entered it was induced by the erroneous understanding of the law that was perpetuated by the court's admonishments uh thus he was prejudiced and real justice was denied and the case should be reversed and remanded and as you said justice steigman with instructions uh the same result is required because of the ineffective assistance of counsel he received and again there the error itself is beyond debate that the first strong strict first prong of strickland is clearly satisfied uh the question is whether he's prejudiced and that's somewhat similar analysis to the previous argument uh is there a reasonable probability that but for the erroneous advice he would have gone to trial so there's a sort of a reasonability component that isn't present in the other context but even in this context he's not obligated to prove that he would have won at trial or even that he could have won at trial only that under all the circumstances it would have been rational for him to have gone to trial there's little question as we discussed some already that in in fact derrick would have rejected any plea offer that didn't include a shot at probation uh he made that clear but that decision also would have been rational under the circumstances just particularly because as i've noted his goal here was to avoid prison it's it's clear from the record how significant that was to sarah thus if he'd known he could not be sentenced to probation it would have been reasonable to take a change to trial because it would have been his only shot at avoiding prison so that's true even if he only had a remote chance of winning a trial but derrick doesn't concede that it was remote derrick thought he had a out whether or not they would have as a matter of conjecture they're not on the record uh they weren't they were never even played in the trial court all we have is defense counsel's inherently biased explanation of of what he believes it shows in the context of explaining why he didn't use the videos we also uh believe it again this was mentioned earlier we also know that derrick had the support of his uh other alleged sons would have also gone into the um the expectation that he had a reasonable chance of winning a trial so based on the circumstances present here there is a reasonable probability that derrick would have gone to trial but for counsel's erroneous advice that again is a sufficient basis to uh to require remand but because the 402 admonishments and the counsel's uh advice were both erroneous derrick was prejudiced by giving up substantial rights for an illusory outcome and the case should be reversed and remanded with instructions if there's no further questions thank you counsel uh huh mrs bruxa may have to make your argument thank you your honors may i please the court and counsel rule 402 requires substantial compliance which was found in the rose case despite the erroneous admonition with respect to the special type of probation involved in rose and here it wasn't a special type of probation but it was similar in a sense it was probation and the defendant was in fact not eligible for probation on aggravated battery of a senior citizen and so therefore the admonishment was incorrect but that doesn't mean that there was a lack of substantial compliance or the issue that defendant raises here is the under the davis case whether there was prejudice or a denial of real justice so given the issue in this case isn't this about the strongest fact pattern under which it could be presented meaning that the defendant said he thought he was going to have a shot at probation his attorney said that the prosecutor said that the judge said that and the agreement itself was uh structured to allow a probationable count this seems like the very strongest possible fact pattern to say he was bargaining for exactly that except that is in the road's case here the the trial court did in fact consider the request for probation and denied it for a reason other than the fact that the offense was not statutorily probationable right but but isn't the injury to him not dependent on what the judge decides it's when he gave up his rights it was part of a bargain and it turned out the bargain at that time offered him something that it wasn't going to deliver which is the chance for probation he didn't know what the judge was going to rule at that point but what he did know is he's giving up his rights to a trial and that he would have the chance to argue for probation and as it turned out the latter was untrue and it was it was misstated to him as being true but he in fact got the opportunity to argue for probation at his sentencing hearing because the judge did consider it and rejected it for reasons other than the fact that it was statutorily ineligible for probation the other thing was the incentive for the plea was the the eight-year cap on the prosecutor's recommendation when and also the dismissal of charges oh absolutely he definitely got other things out of that deal and um i think judge steinman's questions would raise some real concerns about is that the right decision to to take those chances but it is his decision and he made it with information that was inaccurate it's true that that he and everyone else were under a mistaken impression but actually the worked out in his favor in the sense that in terms of the sentencing implication as the judge makes on the record that it would have considered a higher term of sentence under the cap of eight years if the defendant if the judge had known that this was not a probationable offense so the defendant actually received a lesser sentence right because but you can't just follow one timeline because here's another timeline the judge says this is not probationable and he says well then i'm not going to plead and he goes to trial and he's acquitted so we can't just pick this timeline and say that's the outcome of the error if it had not existed the outcome could have been different it's most not likely the situation he would have been acquitted because the as the the mention has been record the defense attorney who described the existence of the video which shows two things the defendant anger angrily approaching almost to a chest bump of the 85 year old victim which is the type of thing that would instigate contact so you cannot rely on the victim but we're talking about his right to have his guilt or innocence tried that's what he gave up so he it may have he may have lost may have prevailed but the point is that's what he gave up on information that was incorrect yes he did waive his right to trial but he received other incentives and just the opportunity to be considered for probation but not not all the incentives that were promised to him well the the descriptions under rule 402 about the possible penalties is not part of the incentive to the incentive for him to plead guilty was the cap on the that was the official consideration provided for his plea of guilty of which he received right but the record is really strong at showing what else went into that decision and it had to do with the probationable offense the deal was structured to make that possible well it's it's true that that was the the reason why they attempted to submit if the charge as they but my point is under 402 substantial compliance is required and the defendant of course is is admonished with respect to the potential penalties that he would have faced without the guilty plea and of course if it's here it's potential discretionary consecutive sentences of 14 years up to 28. So how is this different from Davis because in both cases it was sort of the bottom end of the range that the defendant was misinformed about at the time he made the plea why isn't this like Davis because under the Rhodes case like this case Rhodes doesn't get to reverse Davis I understand that but but the judge is actually considering a request for probation so the defendants wants that opportunity to request probation and the judge entertains that and then only says because of the seriousness of conduct imprisonment is necessary for the protection of the public therefore a probation sentence would not be allowed and under that basis he's in fact received the opportunity to apply for probation which the judge considered and rejected for other reasons and then receives a lesser kind of play acting because it could never happen right it it's it's a it's a performance that talks about whether he get probation but the truth is he could never get probation that's true that he was not statutory eligible for probation I have a question have you known that because we're talking about his decision when he pled had he known that doesn't the records strongly support that he wouldn't have pled guilty the record the state's view of the record is that it would not have been rational for the defendant to reject the plea agreement under the circumstances and I had more to say about the video the descriptions of the video in the record to further that points but I believe justice segment had a question my question counsel is as opposed to a lot of these cases where question is a motion to withdraw a guilty plea and the issue comes up about was the defendant really serious and was he what was he seeking and his acclaimed explanation for why he wanted to withdraw his guilty plea sometimes doesn't look to make a lot of sense in this case isn't defendant's affidavit consistent with essentially the defendant's posture and supported by as justice totes points out the circumstances what happened here he says wait a minute I wouldn't have pled guilty if I thought this was a non-probationable offense I was hoping for probation that's what I talked about with my lawyer I now understand everyone was mistaken and telling me it was probationable so I want my guilty plea back and I'll take my chances and under the circumstances here isn't that affidavit something that we should give weight to yes this court could give way to it but also the record shows the description of the video shows the defendant has no realistic possibility of being acquitted on his claim of self-defense because after the point with the chest bump and then the victim pushes the defendant the description of the video given by the defense attorney in the record says that the defendant had struck the 85 year old victim while the 85 year old victim was on the ground so there's nothing in self-defense that would make it objectively reasonable because the self-defense here is a complete exoneration of the charge so therefore it must be objectively reasonable if the defendant thinks that he was defending himself that's not good enough it has to be objectively reasonable right we're both attorneys we could counsel our client this doesn't make any sense you really should take the plea but we also know it's his choice and if he makes it based on information that's inaccurate why isn't his choice what matters here and remember the judge would have never had a chance to sentence him unless he had pled guilty right and he'd have to have been convicted otherwise but we keep looking to the judge's subsequent actions to somehow cure the fact that he was given bad information at the time of the plea and the point is the sentencing judge would have had no case to sentence had there been no plea and he's made a pretty good case there would have been no plea from him wise or otherwise if he had had the right information except the state's position is that there's no prejudice because the error actually worked out in the defendant's favor because he necessarily would have been convicted if the video showed him striking an 85 year old victim who was on the ground there's no way any jury or trial court sitting as trial facts would have found a reasonable doubt or found exoneration on the basis of a video showing the defendant striking an 85 year old victim a defendant striking 85 year old victim who was on the ground he was posing no threat at that time and that's why self-defense cannot be the defendant's refuge here so therefore he has no realistic defense to the charge the fact that he received less of a sentence as a result of the judge's misunderstanding of the potential penalties means that error worked him in favor which is the opposite of what prejudice would be well it sure sounds like we're deciding whether he needed his constitutional right to a trial we think it wouldn't wouldn't be helpful to him and it doesn't seem like that's our call well the standard under davis is if this is a prejudice or denial of real justice that would be up to this court to decide that the defendant who says that he wants to plead guilty only to get a chance for probation a statutorily unauthorized sentence is somehow lost his thereby lost his right to have his guilt or innocence determined at a trial whether it be a video that would show that he would almost certainly be convicted of that of these offenses i'm not sure i'm not really needing to talk about the other victim just the one case if he's offense if he's convicted of that with no plea agreements he would have gotten higher with the plea agreement if the judge had known under the eight-year cap if the judge had known this offense was not probationable how much higher would the judge gone if there had been in fact no pre-agreement and no cap what if there had been no plea right i mean he may not have had a defendant to sentence the whole point is we're we're we're brokering this after the fact and saying well it really didn't harm you to to waive your rights in return for something that you didn't get but that's that just seems like not what we should be doing he wanted to plead to make his case for probation or he wasn't going to plead he wasn't going to get that case but he did plead that doesn't sound like the benefit of the bargain to me well the benefit of the bargain is the trial court considering the request for probation if the fact it was denied because probation would deprecate the seriousness conduct or imprisonment was necessary to protect the public then the cap we only know that after the fact at the time he entered his plea if he had been told you will not get to argue for probation where would we be possibly at a conviction possibly not right now so i have a question i want to ask you about the my musings that i asked mr o'brien about namely in the event we were to think that this case should be reversed because of all the factors that justice authorities have been talking about what about setting it back and by the way i've never seen or heard of anything like this but doesn't mean it wouldn't be the right thing to do i'm sending it back and saying to the trial court we are vacating and revanding not reversing yet well i'm not sure what we're phrasing in any event telling the trial court look judge here's the situation we think that uh your denial of the motion to withdraw on this record at this point uh as it appeared to us was erroneous and we're sending it back to you to uh grant the motion however before doing that we want to make sure not unlike a rule 402 admonition that the defendant fully understands the risks he's taking namely as you heard my discussion if the state decides they want to go after this guy because they don't like him or for any reason it's their discretion to pursue trials and convictions he faces as much as up to 28 years the state is able to do that and uh to point out that the court is asking him to reaffirm that this is what he wants to do after making it clear on the record it's a knowing and intelligent election by him of the motion withdrawal guilty plea thereby setting aside the four-year prison sentence he is now serving to be paroled in less than two years uh or whatever it is um i've not seen one of something like this before in time the court by the way that uh if the defendant decides and consult with his he ought to have counsel to advise him at the trial level obviously to appoint counsel or hire counsel to consult with the defendant that if the defendant decides that you know i don't want to take that risk so i'm going to withdraw my motion to withdraw my guilty plea then you can grant that and forget about it as opposed to giving him a chance to reconsider and then if he grants it if he if he stays with it and the court um then vacates the guilty plea pursuant to our direction did they have to do so everyone's in the same posture as they were beforehand and the state can go after them for maximum 28 years and try them as long as they wish however they wish what about all that i know you're experienced uh appellate lawyer and i'm just like with mr brown i'm just running it by you for the well um your honor it would give the defendant an opportunity to make a decision if he wants to keep the deal despite the fact that he was misadmonished um that type of rebuyant order would be to grant him an opportunity to withdraw his plea not like ordering a plea withdrawn if that were the remedy um that then he would still have that opportunity to decide whether he wanted that relief after all having perhaps new advice from other counsel um being reconsidered like how much time he has left on his current term or does he really want to face this other um the likelihood of conviction and potentially more serious um sentencing so um i i do trust counsel's representations that he has in fact been informed this but hearing it from a judge and having another opportunity to reconsider um could be helpful i guess under the circumstances um i that the state does feel like the defendant here um is not going to uh it's not going to turn out quote winning this appeal is not going to turn out well for him um but you know he's obviously insisting on on getting this relief um so that would at least give him an opportunity the appeal wouldn't turn out so well is your position and you may be right i mean there have been other cases where defense have appealed and then it goes back and then they end up in a much worse spot um so this is would not be the first time that would ever happen to anybody that's the uh be careful what you ask for rule yes your honor and so the the one problem here though of course is that the video itself is not in the record so um i i i think it is in the record you said the one problem was what counsel the video the video oh the video is i don't believe in the record so if it was in the record then this court could at least make the determination objectively whether a self-defense claim would would be it is that even necessary i mean in davis they just looked at what he gave up and and and how he was misinformed they didn't look to whether he'd prevail at trial they just said that was his decision well that that would be to the i was also mostly discussed discussing his claim under of ineffective assistance of counsel it has to be rational for him to reject a plea agreement under the circumstances and the circumstances would include the nature of the evidence against him and whether he has any legitimate defense and here self-defense would not be a legitimate defense if he's striking an 85 year old victim on the grounds um so that's why the state's position would be that he would not be entitled to reversal under his claim of ineffective assistance of counsel um so obviously it's up to this court to decide under these circumstances despite the rose case or under the davis case whether this constitutes prejudice or denial of real justice so um i said i think all i can on those points um i didn't entertain any of the questions otherwise i would ask this court to affirm okay well thank you mr o'brien any rebuttal sir i i just one comment i our observation i'd like to make in reference to the the second argument the ineffective assistance of counsel on the question of whether it would have been reasonable or rational under the circumstances to reject the uh the plea and go to trial um i think it's important to remember as was just noted that no we none of us have seen this video uh we're relying on the representations of the of the defense attorney who is defending himself for why he didn't rely on the video and as a point of fact uh the victim in this case is 62 years old and that figure of 85 comes from ironically enough the defense attorney uh who i'm not sure where he came up with it from but again it was in his vehemence to explain why he thought that derrick couldn't win a trial in the exhibits it starts at page e30 there's the medical records of the victim and so every page for 50 pages it says what his birthday is and it's in 1958 and he's 60 62 or 63 years old so i mean that just really points to again that we don't know we're relying on somebody else's clearly biased with somebody with a very specific known agenda describing what he thinks the evidence is so even as in regards to that ineffective assistance a council claim we don't know that it would have been that irrational okay well thank you counsel and i want to mention this is an unusual interesting case and uh i'm sure i speak for my colleagues when i say that i thought uh you mr o'brien and you miss brooks both did very nice job in responding to the court's questions and and laying out your respective positions so i thank you for that and thank you the court will take this matter on advisement stand in recess and issue a written decision in due course